UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ANTONIA MOORE, | ) | Case No.: 2:11-cv-00268-RLH-GWF |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Remand–#7) |
| AMERICAN HOME MORTGAGE CORP.; WELLS FARGO BANK, N.A. in its own right and WELLS FARGO BANK, N.A. as trustee for OPTION ONE MORTGAGE LOAN TRUST 2006-1 ASSET-BACKED CERTIFICATES, SERIES 2006-1; POWER DEFAULT SERVICES, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY INC.; and DOES 1-100; | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Antonia Moore's **Motion to Remand** (#7, filed March 16, 2011) based on a lack of unanimity of consent among Defendants.  The Court has also considered American Home Mortgage Corporation, Wells Fargo Bank, N.A., and Power Default Services, Inc.'s ("Removing Defendants") Opposition (#9, filed March 22, 2011), Fidelity National Title Insurance Company, Inc.'s separate Opposition (#10, filed March 22, 2011), and Plaintiff's Replies (##12,13 filed March 27, 2011).

## BACKGROUND

This case arose out of a foreclosure on residential real estate. Antonia Moore, the Plaintiff, used a loan from Defendant, American Home Mortgage Corp., to purchase property located at 1620 Silver Slipper Ave., Henderson, Nevada 89015-9334 (the "Property") which is the subject of this action. Plaintiff alleges Defendants wrongfully foreclosed on the Property.

Plaintiff filed suit in the Eighth Judicial District Court for the State of Nevada ("State Court") on January 19, 2011. The Removing Defendants removed the case on February 17. However, Fidelity, unaware of its co-defendants' removal, filed a Motion to Dismiss in State Court on February 18. After learning of removal, Fidelity filed a Certificate of Interested Parties with this Court on February 28 (#5). Later, on March 11, Fidelity submitted a "Notice, Consent, and Reference of A Civil Action" to consent to proceed before a Magistrate Judge. Finally, Fidelity filed a Joinder to Petition for Removal on March 18 (#8).

Now before the Court is Plaintiff's Motion to Remand. For the reasons discussed below, the Court grants Plaintiff's Motion to Remand and defers ruling on the remaining motions for the State Court.

## DISCUSSION

Plaintiff contends this Court must remand this action for three related reasons: (1) the Petition for Removal is facially defective by lacking the mere averment that all the defendants consented to removal; (2) Removing Defendants did not affirmatively state why defendant Fidelity's joinder was omitted; and (3) Fidelity did not cure the facial defect by manifesting consent or joining within thirty days of service.

If a defendant has improperly removed a case, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). For proper removal in a case involving multiple defendants, all defendants must consent to the removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). In *Proctor*, the Ninth Circuit held that this circuit does not require parties to formally join in a notice of removal or for parties to file individual documents showing consent to

AO 72
(Rev. 8/82)

1  removal as some other circuits do. *Id.* In the Ninth Circuit, "[o]ne defendant's timely removal
2  notice containing an averment of the other defendants' consent and signed by an attorney of record
3  is sufficient." *Id.*

4  Yet, when fewer than all the Defendants join in a removal action, the removing party must
5  affirmatively state the reasons for the absence of a missing co-defendant. *Prize Frize, Inc. v.*
6  *Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *abrogated on other grounds by Abrego*
7  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Parties must cure facially
8  defective petitions within the thirty-day statutory period permitted to join in removal. *Id*. The
9  thirty-day statutory period begins upon service of process. 28 U.S.C.§ 1446(b). Removal statutes
10 are strictly construed against removal and federal jurisdiction must be rejected if there is doubt as
11 to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant
12 always has the burden of establishing proper removal. *Id*.

13 Here, Fidelity concedes it "did not receive notice of the Petition for Removal."
14 Consequently, Fidelity could not have consented to a removal action prior to Removing
15 Defendants filing the petition. Under *Prize Frize, Inc.*, the absence of Fidelity from the Petition
16 for Removal required an affirmative explanation. The Removing Defendants provided nothing.
17 Therefore, the Petition for Removal is facially defective.

18 Further, Fidelity did not satisfy its burden of establishing proper removal because Fidelity,
19 by its own admission, did not manifest consent until after the thirty-day removal period closed.
20 When exactly Fidelity manifested consent to removal is unclear. It is plausible Fidelity manifested
21 consent within the thirty-day period by filing its Certificate of Interested Parties on February 28,
22 2011. However, the requirement to file a Certificate of Interested Parties derives from a federal
23 rule designed merely to provide preliminary information to aid the judicial disqualification
24 process. Fed. R. Civ. P. 7.1. Therefore, it is not clear this filing represented consent.

25 More importantly, Fidelity's statements convey its manifested consent for removal came
26 later. First, Fidelity argues "Defendants became unanimous in their consent to removal by way of

AO 72
(Rev. 8/82)

1 [Fidelity's] Consent to Removal on March 18, 2011." Second, and contrary to the former
2 statement, Fidelity asserts it "filed [its] consent to with [sic] the Federal Court...on March 11,
3 2011." Fidelity's statements demonstrate its belief that it did not manifest consent until at least
4 March 11, 2011–nearly two weeks after the thirty-day period closed.

Fidelity's inconsistent statements create doubt about when it manifested consent for removal. But, Fidelity admits it manifested consent *after* the period to cure the facially defective Petition for Removal. Therefore, under *Gaus*, this Court must strictly construe the removal statute and find that Fidelity failed to satisfy the burden of proving it manifested consent for removal within the requisite time frame.

In addition, this Court finds no merit in Fidelity's claims of (1) a non-appearance exception to the requirement that all defendant's join, and (2) fraudulent joinder. First, the case cited by Fidelty is non-binding and inapplicable authority. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). In *Lewis*, the Third Circuit cites a case focusing on exceptions to joinder which relate to non-*service*, not non-*appearance*. Here, Fidelity was served and therefore *Lewis* is inapplicable.

Second, Plaintiff's original Complaint states Fidelity is "believed to be a Delaware Corporation." There can be no fraudulent joinder for the purpose of destroying diversity when the Plaintiff acknowledges and lists every defendant as non-residents of Nevada. Therefore, the Court grants Plaintiff's Motion to Remand to State Court and defers ruling on the remaining motions.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#7) is GRANTED.

Dated: September 8, 2011.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)